Howard N. **GINSBURG**

v.

**UNITED STATES of America.**

Civ. A. No. 37661.

United States District Court
E. D. Pennsylvania.

Aug. 20, 1965.

———◇———

Benjamin Pomerantz, Philadelphia, Pa., for petitioner.

Drew J. T. O'Keefe, U. S. Atty., and J. Shane Creamer, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

BODY, District Judge.

This is a petition filed under 28 U.S.C. § 2255 by Howard N. Ginsburg who was sentenced on three counts of an eight count indictment charging the use of mails in a scheme to defraud. He was sentenced to a term of one year and one day on each of three counts, said terms to run consecutively. Subsequent to imposition of sentence, two stays of execution were granted to permit petitioner to arrange his affairs prior to going to prison. About twenty months after sentence he filed his petition alleging that his plea was entered as the result of a promise and representation to him by his attorney that if he entered a plea of guilty he would be placed on probation.

At the hearing petitioner, with counsel of his own choice, failed to satisfy this Court of the truth of his averments. His testimony does not support the allegation that there was an agreement that if he would plead guilty he would be placed on probation by the sentencing judge. The testimony of his lawyer, who was with him both at the time of arraignment and at the time of sentence, negates all allegations of Ginsburg and clearly indicates that he was told of the possibility of the imposition of a prison sentence.

The only agreement with the United States through the Assistant United States Attorney was that if there were a plea of guilty to three counts, the Court would be asked at the time of sentence to dismiss the remaining five counts. The testimony of the Assistant United States Attorney corroborated the testimony of petitioner's attorney in this regard, with a definite assertion that there was no agreement as to sentence.

The only conclusion that can be reached is that the petitioner, who was no stranger to legal proceedings as indicated by his past criminal history,[1] was fully and clearly aware of the consequences that might flow from the plea of guilty. Further, that there were no inducements, promises or agreements of any kind as to the sentence made to him by his lawyer or by counsel for the United States. Petitioner's testimony is not worthy of belief, and contradicts his allegation in the petition.

---

1. Plea of guilty to 35 counts of mail fraud on January 4, 1958. Plea of guilty to 21 counts of mail fraud on November 3, 1958. All in the United States District Court for the Eastern District of Pennsylvania.

894

And finally, it should be noted that while he was enjoying the stay of execution of his sentence, and during the period of incarceration thereafter, he filed no complaints with this or any court. In like manner, he made no complaints to his lawyer about his sentence of confinement on the date of sentencing, or thereafter, but requested said counsel merely to seek a reduction in his sentence.

Action dismissed.